# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT KAUR, et al., | CASE NO. CV F 07-1059 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| vs. | (Doc. 5.) |
| KULBIR BAJWA, | |
| Defendant. | |

## INTRODUCTION

Defendant Kulbir Bajwa ("Mr. Bajwa") seeks to dismiss this intentional interference with prospective economic advantage action on grounds that his California citizenship deprives this Court of diversity jurisdiction. This Court considered Mr. Bajwa's motion to dismiss on the record and VACATES the October 9, 2007 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES this action in the absence of diversity jurisdiction.

## BACKGROUND

### The Parties

This action arises from an underlying May 3, 2004 single-vehicle accident in which California plaintiffs Harjit Kaur ("H. Kaur"), Parminderjit Kaur ("P. Kaur"), Ravneet Singh ("R. Singh"), Simratpal Singh ("S. Singh") and Dharampal Singh ("D. Singh")[1] were injured when the Dodge Durango in which they were traveling rolled over. H. Kaur and P. Kaur's mother, Surinder Kaur ("Mrs. Kaur"), was also

---

[1] H. Kaur, P. Kaur, R. Singh, S. Singh and D. Singh will be referred to collectively as the "injured parties."

an occupant of the Durango and was killed. Plaintiff John E. Sweeney ("Mr. Sweeney")[2] is an attorney and represented the injured parties in an underlying action against DaimlerChrysler Corporation ("DaimlerChrysler"), the Durango's manufacturer. Mr. Bajwa and H. Kaur were married at the time of the accident.

## **Underlying Settlement**

Within a few days of the accident, Mr. Bajwa, a mechanical engineer with automotive engineering experience, traveled to the accident location and took possession of the Durango's left front wheel and tire. Mr. Bajwa claims that after he spent more than a month "recovering parts, taking pictures and researching," he suggested that the injured parties retain counsel. The injured parties and Mr. Bajwa met with Mr. Sweeney, whom the injured parties retained on June 23, 2004. Mr. Bajwa claims that Mr. Sweeney agreed to work with and compensate Mr. Bajwa as an "expert consultant" and to compensate Mr. Bajwa on resolution of the injured parties' claims.

The injured parties claim that in June 2006, Mr. Bajwa abandoned his wife H. Kaur and disappeared to an unknown Texas location and that Mr. Sweeney engaged in settlement negotiations with DaimlerChrysler. The injured parties contend that an essential element of their claims was chain-of-custody information possessed by Mr. Bajwa regarding the Durango's front left wheel and other components of the Durango's suspension. The injured parties allege that during the summer 2006, Mr. Bajwa telephoned DaimlerChrysler attorneys and executives to claim that the injured parties' case was "fraudulent" and that Mr. Bajwa possessed information to reveal the fraud of the injured parties' claims.

In November 2006, the injured parties settled their claims against DaimlerChrysler at what they claim is a $1.5 million diminished value due to Mr. Bajwa's "false and malicious statements" and an impaired ability "to sustain the essential chain-of-custody proof." Mr. Bajwa claims the he was neither notified of the settlement nor compensated for his time or work.

## **The Parties' Actions**

On May 2, 2007 in Kern County Superior Court, Mr. Bajwa filed his action ("Bajwa action") against plaintiffs and Mrs. Kaur's estate to allege breach of contract, fraud and conversion causes of

---

[2] The injured parties and Mr. Sweeney will be referred to collectively as "plaintiffs."

action that he is entitled to $127,725 for his time and work as an expert consultant. On July 26, 2007, plaintiffs removed the Bajwa action to this Court based on diversity jurisdiction.

On July 24, 2007, plaintiffs filed this action in this Court to allege interference with prospective economic advantage causes of action against Mr. Bajwa and arising from his alleged interruption of settlement negotiations with DaimlerChrysler. The injured parties claim Mr. Bajwa's wrongdoing deprived them of combined $1.5 million settlement proceeds. Mr. Sweeney claims a $500,000 attorney fee loss from Mr. Bajwa's wrongdoing.

### Mr. Bajwa's Motion To Dismiss

Mr. Bajwa pursues what this Court construes as a F.R.Civ.P. 12(b)(1) motion to dismiss this action on grounds that this Court lacks subject matter jurisdiction in that there is no diversity of citizenship among the parties. In his declaration, Mr. Bajwa states that he has continuously resided in Kern County since June 13, 2007 after returning from Texas to secure employment with the California Department of Transportation ("Caltrans"). Mr. Bajwa declares that he is a registered Kern County voter and has an interim California driver's license.

Plaintiffs contend that Mr. Bajwa was a Texas resident when he filed the Bajwa action and characterize this action against him as a "counterclaim" precipitated by the Bajwa action. Plaintiffs note that Mr. Bajwa delayed to serve any of them with the Bajwa action complaint until June 26, 2007, two weeks after he moved to Kern County.

### DISCUSSION

### F.R.Civ.P. 12(b)(1) Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

A defendant may attack the existence of subject matter jurisdiction apart from the pleadings.

1  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).  In such a case, a court
2  may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  *St.*
3  *Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989);
4  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074,
5  1077 (9th Cir. 1983).
6        With these standards in mind, this Court turns to the issue of diversity among the parties.

### Diversity Of Citizenship

8  28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent
9  part:

10  > The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
11
> (1) citizens of different States . . .
12

13  Under 28 U.S.C. § 1332(a)(1), there is diversity of citizenship if the plaintiff is a "citizen" of a different
14  state than all of the defendants.  *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir.
15  1991); *Sweeney v. WestvacoCo.*, 926 F.2d 29, 32-33, 41 (1st Cir. 1991).  "Citizenship" in a state is the
16  equivalent of "domicile."  *Lundquist*, 946 F.2d at 10; *Valedon Martinez v. Hospital Presbiteriano del*
17  *la Comunidad, Inc.*, 806 F.2d 1128, 1132 (1st Cir. 1986).
18        "[T]he jurisdiction of the court depends upon the state of things at the time of the action
19  brought." *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824).  A party's citizenship for diversity
20  purposes is assessed "at the time the complaint was first filed." *LeBlanc v. Cleveland*, 248 F.3d 95, 100
21  (2nd Cir. 2001).  "[H]ow diverse parties must be" and "where each party lives" will be determined "at
22  the time of filing of the relevant complaint."  *E.R. Squibb & Sons, Inc. v. Lloyd's & Co.*, 241 F.3d 154,
23  163-164 (2nd Cir. 2001).  Where a party changes domicile, "[d]omicile is not lost by a subsequent change
24  in citizenship."  *Martinez*, 806 F.2d at 1132.
25        "The time-of-filing rule is what it is precisely because the facts determining jurisdiction are
26  subject to change, and because constant litigation in response to that change would be wasteful."  *Grup*
27  *Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 580, 124 S.Ct. 1920, 1929 (2004).  "[T]he burden
28  of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the

allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d at 98 (1st Cir. 1982).

Plaintiffs's complaint was filed this action on July 24, 2007 and is the relevant complaint for diversity purposes. Plaintiffs fail to substantiate that the Bajwa action's complaint and its filing date determine diversity issues. Plaintiffs do not challenge meaningfully Mr. Bajwa's declaration that he moved to Kern County on June 13, 2007. Mr. Bajwa submits documentation of his Caltrans employment of no later than June 16, 2007. Although Mr. Sweeney claims to possess it, he chose not to "burden the court" with "voluminous documentary evidence . . . that Mr. Bajwa has committed extensive perjury with respect to the very subject of his residence and domicile" during 2007. Plaintiffs do not meet their burden to establish diversity jurisdiction given Mr. Bajwa's unchallenged statements of his California residency, starting June 13, 2007, 11 days before plaintiffs filed this action. This Court is not in a position to second guess Mr. Bajwa's statements of residency.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES this action in the absence of diversity jurisdiction and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   October 3, 2007**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE